IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

BARRY C. PRETLOW,                          )
                                           )
                    Plaintiff,             )
                                           )
v.                                         )      Case No. CIV-12-1281-D
                                           )
ERIC FANNING,[1] Acting Secretary,         )
Department of the Air Force,               )
                                           )
                    Defendant.             )

**O R D E R**

Before the Court is Defendant's Motion to Dismiss [Doc. No. 10], filed pursuant to Fed. R.

Civ. P. 12(b)(1) and (6).[2]  The Motion seeks the dismissal of Plaintiff's action on the grounds of

sovereign immunity and failure of the Complaint to state a claim upon which relief can be granted.

Plaintiff, who appears *pro se*, has responded in opposition to the Motion, which is fully briefed and

at issue.

Plaintiff is a former employee of the Department of the Air Force.  In this action, he seeks

damages and injunctive relief based on the following factual allegations: 1) Plaintiff filed an EEOC

complaint on April 23, 2010; and 2) he was discharged from his duties on June 1, 2010, without

leave procedures being followed and contrary to a collective bargaining agreement.  *See* Compl.

[Doc. No. 1], ¶¶ 4-5.  Plaintiff also alleges that afer learning of his EEOC complaint, "low-level

_____

[1]  Pursuant to Fed. R. Civ. P. 25(d), Acting Secretary Eric Fanning is automatically substituted as the named defendant, replacing retired Secretary Michael P. Donley effective June 21, 2013.

[2]  At the time of filing, the Motion also sought dismissal under Rule 12(b)(5) for insufficient service of process.  Defendant subsequently notified the Court that service had been completed and this part of the Motion should be withdrawn.  *See* Notice of Completed Service and Partial Withdrawal of Motion to Dismiss [Doc. No. 18].

managers" created leave procedures and an employee work agreement that were not required by agency policy or approved by the commanding officer, and these unauthorized actions led to his termination. *Id.* ¶ 6. Plaintiff does not identify a federal statute that authorizes his suit or the jurisdictional basis of his claim. Accordingly, Defendant's Motion asserts that the Complaint fails to sufficiently allege a waiver of sovereign immunity. *See Normandy Apartments, Ltd. v. United States Dep't of Housing & Urban Devel.*, 554 F.3d 1290, 1295 (10th Cir. 2009).[3]

This case is Plaintiff's fourth federal court action related to his civilian employment at Tinker Air Force Base. *See* Def.'s Notice of Related Cases [Doc. No. 9]. Two prior cases against the Air Force or the United States were dismissed without prejudice for lack of jurisdiction.[4] Although an appeal of the second dismissal was unsuccessful, the court of appeals identified two possible avenues of relief for Plaintiff in light of the preemptive, exclusive remedies available to federal employees: 1) a civil action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; and 2) an action under the Civil Service Reform Act of 1978, Pub. L. No. 95-454, 92 Stat. 1111 (codified in various sections of Title 5 of the United States Code). *See Pretlow v. Garrison*, 420 F. App'x 798, 801 (10th Cir. 2011).[5]

---

[3] Defendant also asserts the Complaint fails to state a plausible claim upon which relief can be granted, but the Court must first address the jurisdictional basis of Plaintiff's suit. *See Thompson v. United States*, 291 F.2d 67, 68 (10th Cir. 1961) ("It is elementary that the court's first duty is to determine its jurisdiction to entertain and decide a case on its merits.")

[4] The third case was a suit against the Director of the Oklahoma Employment Security Commission, which was also dismissed without prejudice. *See Pretlow v. McPherson*, Case No. CIV-12-368-D, Order (W.D. Okla. April 2, 2012), *aff'd*, 497 F. App'x 846 (10th Cir. 2012).

[5] The Court does not read the Complaint to allege a claim under the Federal Labor-Management Relations Act, 5 U.S.C. §§ 7101-35, for violation of the collective bargaining agreement. If Plaintiff did intend such a claim, it would be subject to grievance procedures and an exhaustion requirement, discussed *infra*. *See Douglas v. Norton*, 167 F. App'x 698, 707-08 (10th Cir. 2006).

In this case, the Complaint appears to allege a termination of employment in retaliation for Plaintiff's EEOC filing and, thus, to assert rights under Title VII.  A federal employee asserting a claim of unlawful discrimination or retaliation may elect either to seek review of an adverse employment action by the Merit Systems Protection Board (MSPB) under CSRA, or to seek relief through the process authorized under Title VII, which begins with a complaint to the EEO department of the employing agency and ends with an appeal to the EEOC.  *See Coffman v. Glickman*, 328 F.3d 619, 623-24 (10th Cir. 2003) (discrimination); *see also Dossa v. Wynn*, 529 F.3d 911, 915 (10th Cir. 2008) (retaliation).  "Whichever action is taken first is considered an election to proceed in that forum." *Coffman*, 328 F.3d at 622 (citing 29 C.F.R. § 1614.302(b)).  Regardless of which forum is chosen, the employee "must exhaust applicable administrative remedies prior to seeking judicial review." *Dossa*, 520 F.3d at 913; *see Coffman*, 328 F.3d at 624.  If the employee chooses the MSPB, "the employee will have a hearing at which he or she must raise his or her claims of discrimination and present evidence in support of those claims in order to exhaust the administrative remedy." *Coffman*, 328 F.3d at 624; *accord Dossa*, 529 F.3d at 911. Administrative exhaustion is a prerequisite for this Court to have subject matter jurisdiction. *See Coffman*, 328 F.3d at 622; *see also Khader v. Aspin*, 1 F.3d 968, 970-71 (10th Cir. 1993).

### Standard of Decision

"Motions to dismiss for lack of subject matter jurisdiction 'generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based.'" *City of Albuquerque v. United States Dep't of Interior*, 379 F. 3d 901, 906 (10th Cir. 2004) (quoting *Ruiz v. McDonnell*, 299 F. 3d 1173, 1180 (10th Cir. 2002)).  If the motion challenges only the sufficiency

of the plaintiff's jurisdictional allegations, a district court must confine itself to the pleadings and accept the allegations as true. *See Peterson v. Martinez*, 707 F.3d 1197, 1205-06 (10th Cir. 2013); *Holt v. United States*, 46 F. 3d 1000, 1002 (10th Cir. 1995); *see also Paper, Allied-Industrial, Chemical & Energy Workers Int'l Union v. Continental Carbon Co.*, 428 F. 3d 1285, 1292-93 (10th Cir. 2005); *E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1303 (10th Cir. 2001). Defendant's Motion for dismissal based on sovereign immunity presents a facial attack to the sufficiency of Plaintiff's Complaint to establish a basis for subject matter jurisdiction.

## Discussion

Defendant correctly characterizes the Complaint as failing to identify a statutory basis for Plaintiff's action against the Air Force and failing to allege that jurisdictional prerequisites to suit have been satisfied. In his response, Plaintiff provides additional factual allegations that, even if properly considered, fail to establish that he has exhausted an administrative claim concerning his alleged retaliatory discharge.

Plaintiff first states he "complained to the MSPB July 2010" and "on or around March 2012 the Board issued a FAD [final agency decision]." *See* Pl.'s Resp. Br. [Doc. No. 13] at 1. Plaintiff does not allege that a claim of retaliatory discharge was presented to the MSPB or that he presented evidence of such a claim in his MSPB hearing, as required for administrative exhaustion in that forum. Plaintiff states he also "petitioned the EEOC which concurred with the Board upholding the decision to remove." *Id.* A federal employee pursuing a discrimination claim before the MSPB may elect to appeal the MSPB's decision to the EOC before filing suit. *See* 29 C.F.R. § 1614.303. It is far from clear, however, whether Plaintiff pursued a retaliatory discharge claim in his EEOC appeal. Plaintiff includes in his response brief a litany of statutes allegedly implicated by his claim,

4

most of which have no applicability to the federal government and have nothing to do with a claim of retaliatory discharge. Even Plaintiff's citation to a statutory provision pertinent to a discrimination claim, 5 U.S.C. § 7702(a)(1)(B)(i), is accompanied by unrelated allegations of inadmissible and fraudulent evidence. *See* Pl.'s Resp. Br. [Doc. No. 13] at 2. Thus, the substance of any petition that Plaintiff presented to the MSPB concerning his termination, or any appeal to the EEOC following the MSPB's decision, remains in doubt. Under these circumstances, the Court finds that the Complaint fails to allege administrative exhaustion of a cognizable claim and, thus, fails to establish a basis for subject matter jurisdiction.

## Conclusion

For these reasons, Defendant is entitled to dismissal of the Complaint on the ground that it fails to allege subject matter jurisdiction. In light of Plaintiff's *pro se* status, however, and because the facts alleged in Plaintiff's brief suggest he may be able to allege a justiciable claim, Plaintiff will be granted an opportunity to amend his pleading to assert a claim within the Court's jurisdiction.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. No. 10] is GRANTED on the ground of lack of subject matter jurisdiction. Plaintiff may file an amended complaint within 14 days from the date of this Order.

IT IS SO ORDERED this 11th day of July, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE