IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BARRY C. PRETLOW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-12-1281-D |
| | ) | |
| DEBORAH LEE JAMES,[1] Secretary, | ) | |
| Department of the Air Force, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant's Motion to Dismiss [Doc. No. 34], filed pursuant to Fed. R. Civ. P. 12(b)(6). The Motion seeks the dismissal of the Second Amended Complaint for failure to state a claim upon which relief can be granted. Plaintiff, who appears *pro se*, has responded in opposition to the Motion, which is fully briefed and at issue.

Plaintiff is a former civilian employee of the Department of the Air Force. He brought this action seeking damages, apparently pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), based on allegations that he filed an EEOC complaint on April 23, 2010, and was discharged on June 1, 2010, without following approved leave procedures. *See* Compl. [Doc. No. 1], ¶¶ 4-5. The Complaint was dismissed for failure to sufficiently allege subject matter jurisdiction, which requires the exhaustion of administrative remedies. To cure the deficiency, the Court authorized the filing of an amended pleading.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the current Secretary of the Air Force is automatically substituted as the named defendant.

Plaintiff timely filed the Amended Complaint [Doc. No. 20], and attached a copy of an EEOC decision dated October 17, 2012, addressing a claim of reprisal discrimination in the termination of Plaintiff's employment based on protected EEO activity. Although Plaintiff relied for jurisdiction on a civil service statute authorizing judicial review of certain decisions regarding employment discrimination claims, 5 U.S.C. § 7702, Defendant answered the Amended Complaint and admitted the existence of jurisdiction under Title VII for Plaintiff's reprisal claim addressed in the EEOC decision. Defendant affirmatively asserted that the Court lacked subject matter jurisdiction over other matters, such as EEO complaints that had not been administratively exhausted.

Before a scheduling conference could be held, Plaintiff filed a motion to join additional claims. Although it was unclear from the motion what he intended to add, Plaintiff appeared to be requesting permission to include in this action other employment-related claims that had been administratively exhausted after he filed suit. An EEOC decision dated August 14, 2013, was attached to Plaintiff's motion. *See* Pl.'s Mot. Requesting Joinder of Claims, Ex. 3 [Doc. No. 24-3].[2] Plaintiff's motion was granted, and he filed his current pleading.

The Second Amended Complaint [Doc. No. 31] is similar to the Amended Complaint in that it again refers to jurisdiction under 5 U.S.C. § 7702. Instead of referring to the October 2012 EEOC decision, however, the Second Amended Complaint describes an EEOC

---

[2] This decision merely denied reconsideration of a decision apparently issued in April, 2013.

decision issued on August 20, 2013, and a final agency decision issued by Defendant on September 27, 2013. The decisions are referenced as attached exhibits, but no attachments appear in the case record. Regarding the EEOC decision, Plaintiff mentions claims of religious discrimination and reprisal, and he complains of a disciplinary suspension for 53 days, apparently related to mandatory overtime and Sunday work. *See* Second Am. Compl. [Doc. No. 31], ¶ 4(a), (c)-(d), (f). Plaintiff contends the EEOC decision is "tainted" by "misinformation, fraud, misrepresentations and/or omission of material fact by defendant" and is unsupported by substantial evidence in the administrative record. *See id.*, ¶ 4(h). As to the agency decision, Plaintiff mentions "claims of reprisal/promotion discrimination . . . where the agency agreed with/adopted the findings of the EEOC." *See id*. § 5(a). Plaintiff alleges he was "denied promotional opportunities during his tenure" based on "subjective criteria not specified in the law," and that Defendant's reasons for failing to promote him were pretextual and contrary to a labor agreement, agency policy, and "Merit System Principles," citing 5 U.S.C. § 2301. *See id*. § 5(b)-(e), (h)-(j).[3]

Defendant seeks dismissal of the Second Amended Complaint on the ground that it fails to satisfy Rule 8(a) because Defendant does not know what claims Plaintiff intends to pursue. Defendant also asserts that Plaintiff's pleading contains insufficient factual allegations to state a plausible claim, and thus, it is subject to dismissal under Rule 12(b)(6).

---

[3] Plaintiff also refers to "other discrete acts effecting [sic] the terms and conditions of his employment denying him reasonable accommodations, stealing his pay and benefits by fraud and manufacturing baseless and fraudulent reasons to harass." *Id* § 5(h). These acts are not otherwise described.

**Standard of Decision**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A court must accept all factual allegations and draw reasonable inferences in the plaintiff's favor, but it need not accept legal conclusions. *See id*. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See id*. at 679. The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

**Discussion**

The Court initially determined in this case that Plaintiff was attempting to assert a Title VII claim that his employment was terminated in retaliation for protected EEO activity. *See* Order of July 11, 2013 [Doc. No. 19], at 3. Consistent with the Court's ruling, Plaintiff filed an Amended Complaint showing administrative exhaustion of such a claim. However,

the Second Amended Complaint does not allege or incorporate by reference the retaliatory discharge claim asserted in the Amended Complaint. Plaintiff's current pleading supersedes his prior pleading and renders it of no legal effect. *See Davis v. TXO Prod. Corp.*. 929 F.2d 1515, 1517 (10th Cir. 1991); *see also Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007); *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). Therefore, Plaintiff has effectively abandoned his previously asserted claim. The question thus becomes, what claim or claims does Plaintiff now assert?

As previously explained in the Order of July 11, 2013, a federal employee has two exclusive remedies for an adverse employment action based on discrimination or retaliation: 1) a civil action under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq*.; and 2) an action under the Civil Service Reform Act of 1978 ("CSRA"), Pub. L. No. 95-454, 92 Stat. 1111 (codified in various sections of Title 5 of the United States Code). Regardless which statutory remedy the employee elects, administrative exhaustion is necessary to establish subject matter jurisdiction. *See Coffman v. Glickman*, 328 F.3d 619, 624 (10th Cir. 2013); *Khader v. Aspin*, 1 F.3d 968, 970-71 (10th Cir. 1993). Further, regardless which avenue the employee chooses for pursuing a discrimination claim, neither Title VII nor CSRA permits an employee to proceed directly to court from an unfavorable decision by the employing agency. Therefore, viewing the Second Amended Complaint through the jurisdictional prism of administrative exhaustion, the Court cannot entertain any

claim that Plaintiff purports to assert in paragraph 5 based on a final agency decision issued by Defendant in September, 2013.[4]

Turning to the factual allegations in paragraph 4 of the Second Amended Complaint, which are liberally construed due to Plaintiff's *pro se* status, the Court must determine whether a plausible Title VII claim is stated.[5] Plaintiff alleges in paragraph 4 that the EEOC issued a decision on August 20, 2013, on "claims of religious discrimination and/or reprisal . . . relative to discrete/disciplinary acts Plaintiff was subjected [to] because of Defendant's misconduct relative to 'religious' discrimination and 'overtime' issues." *See* Second Am. Compl. [Doc. No. 31],¶ 4(a) (parenthetical citations to agency claim numbers omitted). Although no copy of the decision is provided, Defendant does not dispute this assertion, and therefore, the Court accepts it as true.

To state a Title VII claim for retaliation or reprisal, a plaintiff must show (1) that he engaged in protected opposition to discrimination, (2) that he suffered an employment action that a reasonable employee would view as materially adverse, and (3) that a causal

---

[4] Plaintiff argues in his response brief that he can obtain judicial review of a final agency decision under the Administrative Procedures Act (APA). However, the APA does not authorize a suit for money damages. *See* 5 U.S.C. § 702. Other argument in Plaintiff's response brief suggests, contrary to his pleading, that the final agency decision issued in September, 2013, was another EEOC decision and not a decision by Defendant. Even if this were true, the allegations of paragraph 5 are insufficient to state a plausible claim of discrimination or retaliation in a failure to promote, as discussed *infra* with respect to paragraph 4.

[5] Although Plaintiff continues to invoke 5 U.S.C. § 7702, this statute applies to a civil action that follows proceedings before the Merit System Protection Board (MSPB). The Second Amended Complaint contains no allegations regarding MSPB proceedings or any suggestion that the claims asserted were pursued in that forum. Further, because the Second Amended Complaint seeks compensatory damages for employment discrimination or reprisal, it is governed by Title VII.

connection existed between the protected activity and the materially adverse action. *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012).[6] The court of appeals held in *Khalik* that the plaintiff failed to state a retaliation claim because her pleading provided "no context for when Plaintiff complained, or to whom;" stated "no facts relating to the alleged discrimination;" showed "no nexus between the person(s) to whom she complained and the person who fired her;" and "there [was] nothing other than sheer speculation to link [the allegedly retaliatory acts] to a discriminatory or retaliatory motive." *Id*. at 1194.

The Second Amended Complaint has these same flaws. It states simply that Plaintiff engaged in protected activity on multiple occasions and that "Defendants suspended him among other things for about 53 days of lost wages and benefits." *See* Second Am. Compl. [Doc. No. 31],¶ 4(c). It contains a conclusory allegation that "plaintiff engaged in protected activity, defendant harassed plaintiff under the pretext of 'mandatory' overtime which involved his pay and benefits most of which occurred within days of plaintiff's protected activity/disclosures and the involved management official taking the action(s), participated in, knew of and was the focal point of the claims." *Id*. ¶ 4(i). However, Plaintiff does not identify the nature of his protected activity – such as what complaint was made, to whom it was made, or what it was about – and he gives no factual context for the suspension decision or decisions. Plaintiff provides no facts that might link his suspension to a discriminatory

---

[6] The court of appeals stated in *Khalik* that "the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint" but "the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik*, 671 F.3d at 1192.

or retaliatory motive. The Court therefore finds that the Second Amended Complaint fails to state a plausible claim of retaliation or reprisal.

Other allegations of paragraph 4 suggest a claim of religious discrimination based on Plaintiff's request for accommodation of a religious belief or practice related to mandatory overtime or Sunday work. "In religion-accommodation cases, . . . [t]he prima facie case requires the employee to 'show that (1) he or she had a bona fide religious belief that conflicts with an employment requirement; (2) he or she informed his or her employer of this belief; and (3) he or she was fired [or disciplined] for failure to comply with the conflicting employment requirement.'" *E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 731 F.3d 1106, 1122 (10th Cir. 2013) (quoting *Thomas v. Nat'l Ass'n of Letter Carriers*, 225 F.3d 1149, 1155 (10th Cir. 2000)) (emphasis omitted). The Second Amended Complaint contains no facts that would support any of these elements of a religious accommodation claim. Therefore, the Court also finds that Plaintiff has failed to state a plausible claim of religious discrimination.

## Conclusion

For these reasons, Defendant is entitled to dismissal of the Second Amended Complaint for failure to state a claim upon which relief can be granted. In light of Plaintiff's *pro se* status, however, and because statements in the Second Amended Complaint suggest that Plaintiff did not intend to abandon his original claim, the Court will direct Plaintiff to state whether the case should proceed under the Amended Complaint or be dismissed.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. No. 34] is GRANTED. Plaintiff shall provide written notice of his intent to proceed within 14 days from the date of this Order.

IT IS SO ORDERED this 31st day of July, 2014.

------------------------------------
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE